UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| KENNETH BRIAN SPRINGS, | )    Case No. 06-50854 |
| | ) |
| Debtor. | ) |
| | ) |

MEMORANDUM OPINION

THIS MATTER came before the Court for hearing on November 15, 2006 upon a motion by the Bankruptcy Administrator (the "Motion") to determine the propriety of certain actions and fees of Clarence Williams, Sr. and/or Clarence Williams Entertainment, Inc ("Mr. Williams"). At the hearing, Sarah Bruce represented the Bankruptcy Administrator, Mr. Williams failed to appear, and Kenneth Brian Springs (the "Debtor") appeared pro se.

PROCEDURAL BACKGROUND

The Debtor filed a Chapter 7 petition on July 3, 2006 and C. Edwin Allman, III was appointed as the Chapter 7 trustee. The petition was signed only by the Debtor. The "Certificate of [Non-Attorney] Bankruptcy Petition Preparer" was left blank. The Bankruptcy Administrator filed the Motion at bar on October 4, 2006, and requested that the Court conduct a hearing regarding Mr. Williams' activities and fees as a petition preparer. Mr. Williams did not file a response to the Motion. A Show Cause Order was entered by the Court on October 6, 2006, directing Mr. Williams to appear before the Court to determine (a) whether Mr. Williams had violated various provisions of Section 110, (b) whether Mr. Williams had been overcompensated for the services rendered as bankruptcy petition preparer in this case, (c) whether Mr. Williams should be penalized for any violation of Section 110, (d) whether Mr. Williams should be enjoined from engaging in further

conduct in violation of Section 110, and (e) whether Mr. Williams should be enjoined from further acting as a bankruptcy petition preparer. A hearing was held on November 15, 2006, and evidence was received. Based upon the evidence and arguments presented at the hearing, a review of the Motion and the Show Cause Order, and a review of the entire official file, this Court makes the following findings of fact and conclusions of law.

## JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(A), which this Court may hear and determine.

## FACTS

On July 3, 2006, the Debtor filed his bankruptcy. The initial filing consisted of a voluntary Chapter 7 bankruptcy petition and several other documents ostensibly prepared by the Debtor. On July 14, 2006, the Debtor filed his schedules, statement of intention, and statement of financial affairs. On August 18, 2006, the Debtor's Section 341 meeting was held. At the Section 341 meeting, the Debtor testified that a company by the name of Clarence Williams Entertainment, Inc. assisted in the preparation of his bankruptcy petition. The Debtor produced a business card bearing the names "Clarence Williams, Sr." and "Clarence Williams Entertainment, Inc." and further testified that he paid Clarence Williams and/or Clarence Williams Entertainment, Inc.[1] the amount

---

[1] In the Motion, the Bankruptcy Administrator alleges that "no corporation or other artificial entity by the name of 'Clarence Williams Entertainment' is currently registered or has ever been registered with either the Virginia State Corporation Commission or the North Carolina Department of the Secretary of State Corporations Division." The Court has found the same to be true. Therefore, Mr. Williams appears to be a sole proprietor doing business under the name "Clarence Williams Entertainment, Inc."

of $400.00² for its services

At the November 15, 2006 hearing, the Debtor testified that he met Mr. Williams at a party and that they discussed the Debtor's financial problems. Mr. Williams told the Debtor that he had a computer program and an instruction manual that would enable the Debtor to file his own bankruptcy. The Debtor went to Mr. Williams' residence and used the computer program and instruction manual to complete his bankruptcy petition and the other documents required by Rule 1007 of the Federal Rules of Bankruptcy Procedure, including his schedules, statement of intention, and statement of financial affairs. Mr. Williams was involved to a significant degree in advising the Debtor and preparing the Debtor's bankruptcy documents.³

## DISCUSSION

Section 110 of the Bankruptcy Code regulates the conduct of bankruptcy petition preparers. Congress enacted Section 110 to "address the growing problem of bankruptcy [petition] preparers who abuse the system in the course of preparing documents for debtors to file." 2 Collier on Bankruptcy, ¶ 110.LH (15th ed. rev. A. Resnick & H. Sommer 2003)(p.110-22 - 110-24) (citing S. Rep. No. 103-168, 103rd Cong., 1st Sess. 51 (1993)). Mr. Williams acted as a bankruptcy petition preparer.⁴ The Motion requires the Court to address several portions of Section 110. Each portion

---

²At the November 15, 2006 hearing, the Debtor testified that he gave $100.00 cash to Mr. Williams. The Debtor explained that he had earlier testified that he paid $400.00 because he had included all of the money that he had spent on the case, including the filing fees paid to the Court.

³The Debtor specifically testified that Mr. Williams advised him with regard to the completion of Official Form B22A and schedules B and C.

⁴The Bankruptcy Code defines a "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). While Mr. Williams did not himself type the Debtor's petition and other bankruptcy documents, he still meets the

will be addressed separately.

A threshold issue is whether the various documents filed with the Court constitute separate documents or one document for the purposes of Section 110. Section 110(a)(2) provides that "'document for filing' means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under title 11." 11 U.S.C. § 110(a)(2). Courts are divided as to what this portion of the statute means. Compare In re Jolly, 313 B.R. 295, 300 (Bankr. S.D. Iowa 2004)(noting that the "majority of courts that have considered the issue have held that the petition, the schedules, and the various statements constitute separate documents for the purposes of § 110"); In re Hartman, 208 B.R. 768, 777 (Bankr. D. Mass. 1997)(petition, schedules, statement of financial affairs, statement of intention, and verification of creditor matrix are all separate "document[s] for filing"); In re Hobbs, 213 B.R. 207, 212 (Bankr. D. Me. 1997)(petition, plan, schedules, statement of financial affairs, and certification of creditor matrix "is each a separate `document for filing'"); In re Paskel, 201 B.R. 511, 516 (Bankr. E.D. Ark. 1996) (the voluntary petition, the schedules, and the statement of financial affairs were all separate documents for the purposes of an analysis under Section 110 and could give rise to separate

---

statutory definition of a "bankruptcy petition preparer." First, it was Mr. Williams' computer that the Debtor used to type and print the petition and accompanying documents. Second, it was Mr. Williams' instruction manual and computer software that enabled the Debtor to complete the documents. Third, it was Mr. Williams' advice to the Debtor that enabled him to complete significant portions of the schedules and related documents. See In re Hennerman, 351 B.R. 143, 148-49 (Bankr. D. Colo. 2006)(principal of internet business that provided bankruptcy forms is a "bankruptcy petition preparer"); In re Thomas, 315 B.R. 697, 703-04 (Bankr. N.D. Ohio 2004)(principal of internet business is a "bankruptcy petition preparer"); In re Jolly, 313 B.R. 295, 301 (Bankr. S.D. Iowa 2004)(principal of company selling "bankruptcy kit" is a "bankruptcy petition preparer"); In re Pilot, 286 B.R. 157 (Bankr. C.D. Cal. 2002)(court found that an internet website whose bankruptcy program debtor used in filing Chapter 7 petition, the company that owned and operated the website, and the individual who was company's officer or person in control were all "bankruptcy petition preparers").

violations); In re Rausch, 197 B.R. 109, 120 (Bankr. D. Nev. 1996)(relying on Advisory Committee Notes to the 1995 amendments to the Official Forms, and finding that the petition, the schedules, the statement of financial affairs, and the statement of intention are all separate "document[s] for filing") with In re Brokenbrough, 197 B.R. 839, 843 (Bankr. S.D. Ohio 1996)(various documents only constituted a single "document for filing"); In re Burdick, 191 B.R. 529, 536 n. 5 (Bankr. N.D.N.Y. 1996)(". . .where the schedules and statements are included with the petition at the time of filing, the Court finds that for purposes of Code § 110 a single document has been filed").  This Court agrees with the majority.  The petition, the schedules, the statement of intention, the statement of financial affairs, and the verification of creditor matrix are each a separate "document for filing" and may each give rise to separate violations of the statute.

A.  Disgorgement of Fees Under Section 110(h)(3)(A)

Section 110(h)(3)(A) provides that a court "shall disallow and order the immediate turnover to the bankruptcy trustee any fee . . . found to be in excess of the value of any services."  Section 110(h)(4) provides that several entities, including the Bankruptcy Administrator, may file a motion requesting this remedy. The Motion filed by the Bankruptcy Administrator in this case is such a motion, and the Court therefore is called upon to determine whether the $100.00 charged by Mr. Williams is in excess of the value of the services provided by Mr. Williams as a petition preparer.

Under Section 110, the burden of proving the reasonableness of a fee collected by a bankruptcy petition preparer rests upon the petition preparer.  See, e.g., In re Froehlich, 23 Fed. Appx. 572, 574, 2001 WL 1530594 (7th Cir. 2001)(petition preparer, as the party seeking fees, "has the burden of establishing that he or she is entitled to them once a question regarding their reasonableness has been raised."); In re Haney, 284 B.R. 841, 850-51 (Bankr. N.D. Ohio

2002)(same); In re Doser, 281 B.R. 292, 313 (Bankr. D. Idaho 2002)(same); In re Bush, 275 B.R. 69, 85-86 (Bankr. D. Idaho 2002)(same). In this case, the Bankruptcy Administrator has shown that Mr. Williams acted as a petition preparer and that he collected a fee from the Debtor. The burden of proof regarding the reasonableness of Mr. Williams' fee rested with Mr. Williams, who failed to attend the hearing and thus failed to show, by a preponderance of the evidence or any other standard, that the fee that he collected was reasonable compensation for his services as a petition preparer. Because he has failed to prove the reasonableness of his fee, the Court finds that all fees paid to Mr. Williams are in excess of the value of his services.[5] Therefore, Mr. Williams shall turn over $100.00, the entirety of the fee received, to the Trustee.

B. The Failure to Comply With Section 110

    I. Failure to Comply with Section 110(b)(1)

Section 110(b)(1) provides that a "bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address." 11 U.S.C. § 110(b)(1). Nowhere on any of the documents filed by the Debtor in this case is there any mention of Mr. Williams. Therefore, the Court finds that Mr. Williams failed to comply with Section 110(b)(1). As noted above, this failure will give rise to five separate violations of the statute as Mr. Williams failed to comply with regard to the petition, the schedules, the statement of intention, the statement of financial affairs, and the verification of creditor matrix. For each of these violations, Mr. Williams shall be ordered to pay a fine pursuant to Section 110(l)(1).

    II. Failure to Comply with Section 110(b)(2)(A) and (B)

---

[5]Having found that Mr. Williams is required to turn over any fees received by virtue of his violation of Section 110(h)(3)(A), it is unnecessary for the Court to address whether he should be required to disgorge any fees pursuant to Section 110(h)(3)(B).

Section 110(b)(2)(A) provides that "[b]efore preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice." 11 U.S.C. § 110(b)(2)(A). Section 110(b)(2)(B) dictates the required content for that notice. 11 U.S.C. § 110(b)(2)(B). Further, the bankruptcy petition preparer is required to sign this notice under penalty of perjury, and the notice is required to be filed with any document. Id. Here, no such notice was filed with the Debtor's petition. Therefore, the Court finds that Mr. Williams failed to comply with Section 110(b)(2)(A) and (B).

The extent to which this failure should give rise to a single or multiple violations of the statute merits some discussion. Section 110(b)(2)(B)(iii)(II) requires that this notice be "filed with any document for filing." Id. The Court does not read the statute to require that a separate notice be attached to each document, provided that they are all filed at once. Rather, a bankruptcy petition preparer, by ensuring the filing of the required notice along with any group of documents, shall be deemed to have filed the required notice <u>with each</u> of the documents. However, where a debtor's documents are filed at different times, as here,[6] the statute clearly requires that this notice be filed each time.

While the requirements of the statute are relatively clear, the extent to which noncompliance with the statute should be deemed a "failure" on the part of the bankruptcy petition preparer to comply with subsection (b) of Section 110[7] is not as readily discernable. This Court can conceive

---

[6]The Debtor's petition and verification of creditor matrix were filed on July 3, 2006, while his schedules, statement of intention, and statement of financial affairs were all filed on July 14, 2006. The Debtor testified that Mr. Williams was involved in the preparation of all of these documents.

[7]Subsection (l)(1) of Section 110 provides that a "bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than

of circumstances in which a bankruptcy petition preparer might do everything in his or her power to comply with Section 110(b)(2)(B)(iii)(II), and yet some omission on the part of the debtor could give rise to a failure to comply with its demands. Therefore, evidence would be needed to determine who is at fault for any failure to comply with Section 110(b)(2)(B)(iii)(II). Here, there were two such failures. No specific evidence was presented as to who was responsible for either of them. While, on the evidence presented, it is appropriate to attribute to Mr. Williams the absence of the requisite notice from the first filing of documents, without more evidence the Court will not hold him responsible for the second failure. Therefore, the Court finds that Mr. Williams failed to comply with Section 110(b)(2) by not providing the notice required by that section to the Debtor and by not including it with the first group of documents filed with this Court. For this violation, Mr. Williams shall be ordered to pay a fine pursuant to Section 110(l)(1).

### III. Failure to comply with Section 110(c)

Pursuant to Section 110(c), a "bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document." 11 U.S.C. § 110(c)(1). Here, Mr. Williams failed to place any identifying number on any of the documents filed in conjunction with the Debtor's case. This failure constitutes five separate violations of the statute because Mr. Williams failed to place an identifying number on the petition, the schedules, the statement of intention, the statement of financial affairs, and the verification of creditor matrix. For each of these violations, Mr. Williams shall be ordered to pay a fine pursuant to Section 110(l)(1).

---

$500 for each such failure." 11 U.S.C. § 110(l)(1).

IV. Failure to comply with Section 110(e)(2)

Section 110(e)(2)(A) prohibits a bankruptcy petition preparer from offering legal advice to a potential bankruptcy debtor. Among other things, Mr. Williams provided the Debtor with citations to relevant law concerning each exemption on the Debtor's Schedule C. As discussed below, furnishing such information constitutes legal advice. Therefore, Mr. Williams violated Section 110(e)(2) and shall be ordered to pay a fine pursuant to Section 110(l)(1).

V. Failure to comply with Section 110(h)(2)

Section 110(h)(2) requires a declaration to be filed with the petition that discloses "any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case." 11 U.S.C. § 110(h)(2). No such declaration was filed with the petition in this case. Mr. Williams violated Section 110(h)(2) and shall be ordered to pay a fine pursuant to Section 110(l)(1).

C. The Unauthorized Practice of Law

Services for which a petition preparer may be compensated are limited to authorized services that are performed by the petition preparer. In order for services to be authorized and compensable, the services must be services that a petition preparer can lawfully perform. If Mr. Williams performed services that constitute the unauthorized practice of law, then he cannot be compensated for those services. The Bankruptcy Administrator argues that Mr. Williams engaged in the unauthorized practice of law when he used his discretion, experience, and knowledge to provide the Debtor with advice and legal citations concerning the completion of his bankruptcy documents, including Schedules B and C.

Persons other than members of the North Carolina State Bar are prohibited from practicing law in this state. N.C. Gen. Stat. § 84-4. The practice of law specifically includes performing any

legal service for another person, preparing petitions, or assisting by advice, counsel, or otherwise in any legal work. N.C. Gen. Stat. § 84-2.1.[8]  A person who engages in the unauthorized practice of law is subject to criminal prosecution for a class 1 misdemeanor, N.C. Gen. Stat. § 84-8, which is prosecuted by the local district attorney. N.C. Gen. Stat. § 84-7 ("The district attorney . . . shall . . . indict any person . . . upon the receipt of information of the violation of the provisions of G.S. 84-4"); Disciplinary Hearing Comm'n of the N.C. State Bar v. Frazier, 556 S.E.2d 262, 264 (N.C. 2001)(criminal sanctions for the unauthorized practice of law are under the exclusive control of the district attorneys). See also In re Losee, 195 B.R. 785, 786 (Bankr. M.D. Fla. 1996)(whether or not the petition preparer is guilty of the unauthorized practice of law was a question for the Florida Supreme Court on recommendation of the Florida Bar; the determination of guilt is not an issue for the bankruptcy court).

Based on the facts of this case, and the guidelines of N.C. Gen. Stat. § 84-2.1, the Court is

---

[8]The statute provides:
The phrase "practice law" as used in this Chapter is defined to be performing any legal service for any other person, firm or corporation, with or without compensation, specifically including the preparation or aiding in the preparation of deeds, mortgages, wills, trust instruments, inventories, accounts or reports of guardians, trustees, administrators or executors, or preparing or aiding in the preparation of any petitions or orders in any probate or court proceeding; abstracting or passing upon titles, the preparation and filing of petitions for use in any court, including administrative tribunals and other judicial or quasi-judicial bodies, or assisting by advice, counsel, or otherwise in any legal work; and to advise or give opinion upon the legal rights of any person, firm or corporation: Provided, that the above reference to particular acts which are specifically included within the definition of the phrase "practice law" shall not be construed to limit the foregoing general definition of the term, but shall be construed to include the foregoing particular acts, as well as all other acts within the general definition. The phrase "practice law" does not encompass the writing of memoranda of understanding or other mediation summaries by mediators at community mediation centers authorized by G.S. 7A-38.5.
N.C. Gen. Stat. § 84-2.1.

convinced that Mr. Williams did not act as a mere scrivener and that he engaged in the unauthorized practice of law in his preparation of the Debtor's petition and schedules inasmuch as he provided the Debtor with the advice and legal citations necessary to complete his bankruptcy schedules.

D.  Deceptive Acts

The Bankruptcy Administrator also alleges that Mr. Williams engaged in a deceptive act or practice proscribed by Section 110(i) of the Bankruptcy Code, which states that "if a bankruptcy petition preparer . . . commits any act that the court finds to be fraudulent, unfair, or deceptive . . . the court shall order the bankruptcy petition preparer to pay" damages.[9]  An "unfair" or "deceptive act" is not specifically defined in the Bankruptcy Code, but under North Carolina law, an act is "deceptive if it has the tendency to deceive."  Gray v. North Carolina Ins. Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000).  "Deceit" is defined as "the act of intentionally giving a false impression."  Black's Law Dictionary 435 (8th ed. 2004).

Courts have determined that a petition preparer who engages in the unauthorized practice of law commits an unfair or deceptive act pursuant to Section 110(i) and that the conduct may also subject the petition preparer to an injunction under Section 110(j) for engaging in "fraudulent, unfair or deceptive conduct."  See, e.g., In re Moore, 283 B.R. 852, 857 (Bankr. E.D.N.C. 2003)("[T]he giving of legal advice by a non-attorney constitutes an unfair practice and may be a criminal act" and

---

[9]The statute provides that
the court shall order the bankruptcy petition preparer to pay to the debtor -
    (A) the debtor's actual damages;
    (B) the greater of -
        (i) $2,000; or
        (ii) twice the amount paid by the debtor to the bankruptcy petition preparer
        for the preparer's services; and
    (C) reasonable attorneys' fees and costs in moving for damages under this section.
11 U.S.C. § 110(i)(1).

"court[s] . . . have the ability to enjoin unfair and deceptive acts."). As explained above, Mr. Williams has engaged in the unauthorized practice of law and therefore has committed an unfair or deceptive act pursuant to Section 110(i).

At the November 15, 2006 hearing, evidence was presented regarding the Debtor's actual damages. In order to testify at the hearing, the Debtor was required to miss two hours of work at fifteen dollars per hour. Mr. Williams shall be ordered to pay $30.00 to the Debtor pursuant to Section 110(i)(1)(A). Further, as is required by the statute, Mr. Williams shall be ordered to pay to the Debtor $2,000 pursuant to Section 110(i)(1)(B). The Debtor was not represented by counsel, so no attorneys' fees and costs will be awarded pursuant to Section 110(i)(1)(C).

E.  Injunctive Relief

Pursuant to Section 110(j), the debtor, a trustee, a creditor, or the Bankruptcy Administrator "may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer." 11 U.S.C. § 110(j). A bankruptcy court may grant such injunctive relief by means of an order to show cause. See In re Graves, 279 B.R. 266, 273 (9th Cir. BAP 2002); In re Moore, 290 B.R. 287, 292 (Bankr. E.D.N.C. 2003); In re Graham, No. 02-81930C-7D, slip op. at 12 (Bankr. M.D.N.C. Feb. 13, 2004) (2004 WL 1052963); but see Fulton v. McVay, 318 B.R. 546, 554 (D. Colo. 2004)("a bankruptcy court may issue an injunction under §110(j) only in the context of an adversary proceeding."). However, if injunctive relief is sought through a show cause order instead of an adversary proceeding, then principles of due process mandate that the petition preparer be afforded the procedural protections inherent in an adversary proceeding. See Graves, 279 B.R. at 274; Moore 290 B.R. at 292-93. Notice that injunctive relief is to be considered is an essential procedural protection that must be

given to the petition preparer. See Graves, 279 B.R. at 276; Moore 290 B.R. at 293.

In response to the Motion filed by the Bankruptcy Administrator, the Court issued the Show Cause Order, which stated that the two main objectives of the hearing were to determine: "whether Mr. Williams and/or Clarence Williams Entertainment, Inc. should be enjoined from engaging in further conduct is in violation of 11 U.S.C. § 110," and "whether Mr. Williams and/or Clarence Williams Entertainment, Inc. should be enjoined from further acting as bankruptcy petition preparers." Since the Show Cause Order specifically addressed injunctive relief and provided forty days notice of the hearing, there is no procedural impediment to this Court granting injunctive relief. See Graham, slip op. at 13 (citing Moore, 290 B.R. at 292-93).

The Court finds it appropriate to grant the injunctive relief available in Section 110(j) and to bar Mr. Williams from engaging in further conduct in violation of Section 110 and from further acting as a bankruptcy petition preparer in the Middle District of North Carolina

F.  Triple Relief Under Section 110(l)(2)

As noted above, Section 110(l)(1) provides that a bankruptcy petition preparer who fails to comply with various provisions of Section 110 may be fined a maximum of $500.00 for each such violation. Mr. Williams has committed thirteen violations of those provisions.[10] Section 110(l)(2) requires a court to triple the fines levied under paragraph (1) if the court finds that the bankruptcy petition preparer "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer." 11 U.S.C. § 110(l)(2)(D). As this opinion has made clear, the documents filed in this case left no trace of Mr. Williams' hand in their preparation, and this Court

---

[10] Mr. Williams committed five violations of Section 110(b)(1), one violation of Section 110(b)(2), five violations of Section 110(c)(1), one violation of Section 110(e)(2), and one violation of Section 110(h)(2).

has no choice but to triple all fines assessed pursuant to Section 110(l)(1). Pursuant to Section 110(l)(1), the Court will fine Mr. Williams $35.00 for each violation, totaling $455.00. When this amount is tripled pursuant to Section 110(l)(2), the total amount that Mr. Williams shall be fined for his thirteen violations pursuant to Section 110(l) is $1,365.00

CONCLUSION

Based upon the foregoing findings and conclusions, an order shall be entered in this case contemporaneously with the filing of this memorandum opinion (the "Order") granting the following relief:

(1) The $100.00 fee charged by Mr. Williams in this case shall be disallowed, and Mr. Williams shall be ordered to disgorge and turn over $100.00 to the Trustee pursuant to Section 110(h)(3) of the Bankruptcy Code. If Mr. Williams fails to pay to the Trustee that amount within 30 days of the service of the Order, then Mr. Williams will be fined an additional $500.00 pursuant to Section 110(h)(5).

(2) Mr. Williams shall be enjoined from engaging in further conduct in violation of Section 110 of the Bankruptcy Code and from further acting as a bankruptcy petition preparer in the Middle District of North Carolina.

(3) Mr. Williams shall be ordered to pay to the Debtor $2,030.00 in damages pursuant to Section 110(i) of the Bankruptcy Code.

(4) Mr. Williams shall be fined a total of $1,365.00 pursuant to Section 110(l) of the Bankruptcy Code. Pursuant to Section 110(l)(4)(B), he shall be ordered to pay that amount to the Bankruptcy Administrator. If Mr. Williams fails to pay to the Bankruptcy Administrator that amount within 30 days of the service of the Order, then Mr. Williams will be fined an additional $500.00

pursuant to Section 110(l)(1).

(5) Within 45 days of the service of the Order, the Bankruptcy Administrator shall file with the Court a pleading that describes the compliance of Mr. Williams with the Order and requests any appropriate relief.

(6) A copy of this opinion shall be forwarded to the Guilford County District Attorney's Office in Greensboro, North Carolina, to consider whether criminal prosecution is warranted for the unauthorized practice of law.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.